# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**HAROLD MCMILLEN,**
**Claimant Below, Petitioner**

**FILED**
**December 20, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)  No. 12-0444** (BOR Appeal No. 2046476)
                  (Claim No. 2011014955)

**LOGAN REGIONAL MEDICAL CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Harold McMillen, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Logan Regional Medical Center, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 22, 2012, in which the Board affirmed an October 6, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 20, 2011, Order denying Mr. McMillen's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McMillen is the Director of Environmental Services for Logan Regional Medical Center and has been employed by Logan Regional Medical Center since 1970. Dr. Padmanaban diagnosed Mr. McMillen with occupational bilateral carpal tunnel syndrome on September 14, 2010. The claims administrator held Mr. McMillen's claim not compensable on a finding that his bilateral carpal tunnel syndrome was not related to his occupational duties.

The Office of Judges found Mr. McMillen's evidence insufficient to establish that he developed bilateral carpal tunnel syndrome in the course of and as a result of his employment. Mr. McMillen disagrees and asserts that the evidence clearly demonstrates that his bilateral carpal tunnel syndrome resulted from his work duties and that any conclusion that it was caused

1

by his diabetic condition and weight is merely speculative. Logan Regional Medical Center maintains that Mr. McMillen failed to establish the required causal connection between his carpal tunnel syndrome and his employment.

The Office of Judges noted that although Mr. McMillen's medical evidence established a diagnosis of bilateral carpal tunnel syndrome, it has not been causally related to his employment. Dr. Joseph conducted an EMG/nerve conduction study on September 20, 2010, and diagnosed Mr. McMillen with a focal conduction abnormality of the median nerves of the wrist consistent with bilateral carpal tunnel syndrome. In his deposition on May 10, 2011, Mr. McMillen acknowledged that he is a type II diabetic with other serious health problems. He also testified that he performs a variety of occupational duties including paperwork, budgeting, timecards, and purchasing supplies and equipment for the hospital security and maintenance departments. In housekeeping, he is a working supervisor and helps strip floors, mop, wax, empty garbage cans, pulls linen, and drives trucks. He testified that occasionally he uses a machine that vibrates and requires awkward movement of his hands.

Dr. Mullen diagnosed Mr. McMillen with coronary artery disease, hypertension, hyperlipidemia, and diabetes mellitus on April 28, 2006. Dr. Bailey submitted an independent medical evaluation dated January 10, 2011, and diagnosed Mr. McMillen with non-occupational carpal tunnel syndrome, early left cubital tunnel syndrome, and left ring trigger finger. Dr. Bailey opined that Mr. McMillen did not have occupational responsibilities that would place him at risk for occupational carpal tunnel syndrome. Dr. Bailey further opined that Mr. McMillen's carpal tunnel syndrome was a result of his personal risk factors, notably morbid obesity and diabetes mellitus. The Office of Judges held that Mr. McMillen's bilateral carpal tunnel syndrome was not developed in the course of or as a result of his employment. The Board of Review reached the same reasoned conclusions in its decision of March 22, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED:  December 20, 2013**


**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II